UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                                   In Bankruptcy:

**FNH, LLC,**                                       Case No. 15-43572-mlo
                                                    Chapter 7
Debtor(s).                                          Hon. Maria L. Oxholm
_____/

### MOTION OF CHAPTER 7 TRUSTEE
### FOR AN ORDER APPROVING THE SALE OF CERTAIN
### ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR
### OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
### PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF

K. Jin Lim, Chapter 7 trustee ("Trustee") for the bankruptcy estate (the "Estate") of the above captioned debtor ("Debtor"), requests the entry of an order approving the sale of certain assets of the Debtor's Estate to Oak Point Partners, Inc. ("Oak Point") free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and related relief ("Motion"). In support of the Motion, the Trustee respectfully states as follows:

**Jurisdiction**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a) and 363 of Title 11 of Chapter 11 of the United States Code (the "Bankruptcy Code"), as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

3. On March 10, 2015, (i) the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code; and (ii) the Trustee was appointed as the Chapter 7 trustee for the Debtor's Estate.

4. Since being appointed, the Trustee has administered the Debtor's Estate for the benefit its creditors in accordance with its power and duties. The Trustee is now in the process of winding down the administration of this case. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

5. The Trustee has determined that there may exist property of the Debtor's Estate, consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets"). The Trustee has determined that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

6. The Trustee and Oak Point have negotiated an agreement (the "Purchase Agreement") for the sale of the Remnant Assets. A copy of the Purchase Agreement is appended hereto as <u>Exhibit A</u>.

**Requested Relief**

7. By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase Agreement.

8. The Purchase Agreement generally provides for an aggregate purchase price of $4,000.00 (the "Purchase Price") to be paid by Oak Point to the Trustee for the benefit of the Debtor's Estate.

9. In accordance with the Purchase Agreement, the Remnant Assets do not include (i) cash held by the Trustee for distribution to creditors and professionals; and (ii) the Purchase Price for the Remnant Assets.

10. In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets, and represents the highest and best offer for the sale of the Remnant Assets. Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown,

3

outweighs the potential benefits of retaining the Remnant Assets. Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

## Bidding Procedures

11. Contemporaneously herewith, the Trustee has filed the Notice of Motion of Chapter 7 Trustee for an Order Approving the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief (the "Notice"), which establishes a deadline by which objections or responses to this Motion must be filed with the Court (the "Response Deadline").

12. While the Trustee is prepared to consummate the sale of the Remnant Assets to Oak Point pursuant to the terms set forth herein and in the Purchase Agreement, in the event a party other than Oak Point (each, an "Interested Bidder") wishes to purchase the Remnant Assets, the Trustee requests that the Court approve the following overbid procedures (collectively, the "Bidding Procedures"):

   a. Each Interested Bidder who wants to participate in the overbid process must notify the Trustee of its intention to do so in accordance with the Notice on or before the Response Deadline;

   b. each initial overbid for the Remnant Assets must be at least $7,000.00;

4

c. each Interested Bidder must submit a cashier's check to the Trustee in the amount of such Interested Bidder's initial overbid; and

d. in the event a party other than Oak Point is deemed the winning bidder with respect to the Remnant Assets, such other party shall be required to purchase the Remnant Assets under the same terms and conditions as set forth in the Purchase Agreement.

13. The Trustee believes that the private sale of the Remnant Assets in accordance with the terms of the Purchase Agreement, and as provided herein, serves the best interests of the Debtor's Estate and creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the Estate. Accordingly, the sale to Oak Point should be approved as requested.

**Authority for Requested Relief**

14. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

15. To approve use, sale or lease of property outside the ordinary course of business, the Court must find that such sale is supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Abbotts Dairies of Pa. Inc.*, 788 F. 2d 143 (3d Cir. 1986 ) (requiring good faith purchasing); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D.Del. 1991) (holding that transactions should be approved under Section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D.Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

16. A trustee's showing of sound business judgment, in turn, need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R.

888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992).

17. The Trustee submits that the sale of the Remnant Assets pursuant to the Purchase Agreement represents a prudent and proper exercise of business judgment, and is in the best interest of creditors of the Debtor's Estate. Specifically, the Purchase Agreement was negotiated at arm's length and in good faith, and the Trustee believes that the Purchase Price is reasonable and represents fair value. Moreover, a private sale is appropriate because any costs associated with an auction of the Remnant Assets would likely exceed the Purchase Price and, in turn, any benefit to the Estate.

18. Moreover, based on the foregoing, Oak Point should be deemed a good faith purchaser. Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d at 147; *See also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); and *In re Vanguard*

*Oil & Serv. Co*., 88 B.R. 576, 580 (E.D.N.Y. 1988).

19. Additionally, section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, if subject to the rights and defenses of a debtor with respect thereto:

   a. Applicable nonbankruptcy law permits sale of such property free and clear of such interest;

   b. Such entity consents;

   c. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

   d. Such interest is in bona fide dispute; or

   e. Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). As Section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to Section 363(b), it is only necessary to meet one of the five conditions of Section 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

20. Finally, the Trustee's proposed Bidding Procedures are appropriate and should be approved by the Court. Courts have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding basis, as is proposed herein, it is appropriate to require parties submitting competing bids to submit bids that exceed the existing bid by a specified amount. See, e.g., *In re Financial News Network Inc.*, 931 F.2d 217 (2d Cir. 1991). Oak Point has expended, and will continue to expend, considerable time, money, and energy pursuing the purchase of the Remnant Assets as proposed herein, and has engaged in good faith, arm's length negotiations with the Trustee.

21. As set forth herein, the Trustee submits that the sale of the Remnant Assets is a prudent exercise of its business judgment under the circumstances, and is in the best interest of the Debtor's Estate and creditors. Indeed, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered, and absent the sale to Oak Point, the Debtor's Estate would not realize any benefits on account of the Remnant Assets. Finally, the Purchase Price for the sale is reasonable and has been negotiated at arm's length. Therefore, the Trustee respectfully requests that the Court grant the Motion.

### Waiver of Stay of Order

22. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of the order unless the

Court orders otherwise. The Trustee requests that the Court order that such stay not apply with respect to the sale of the Remnant Assets.

### Notice

23. Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, and all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.

**WHEREFORE**, the Trustee respectfully requests entry of an order authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

**CLAYSON, SCHNEIDER & MILLER P.C.**

Dated: January 31, 2018
/s/ *Peter F. Schneider*
Peter F. Schneider (P-75256)
Attorneys for Trustee
645 Griswold St., Suite 3900
Detroit, MI 48226
(313)237-0850 ext. 4
pete@claysonschneidermiller.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:

**FNH, LLC,**

        Debtor(s).

In Bankruptcy:

Case No. 15-43572-mlo
Chapter 7
Hon. Maria L. Oxholm

/

### *PROPOSED* ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF

Upon the Motion of K. Jin Lim, Chapter 7 trustee (the "Trustee") for the estate (the "Estate") of the above captioned debtor (the "Debtor"), by its counsel, requesting the entry of an order approving the sale of certain assets of the Debtor's Estate to Oak Point Partners, Inc. ("Oak Point") free and clear of liens, claims, interests and encumbrances pursuant to sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 6004 (the "Bankruptcy Rules"), and related relief ("Motion")[1]; and the Court having jurisdiction to consider the Motion and requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

and proper notice of the Motion having been provided; and it appearing that no other notice need be provided, and that further notice has been waived; and the Court having read and considered the Motion; and any objections to the Motion having been resolved, withdrawn, or otherwise overruled by the Court; and the Court having determined that the Bidding Procedures are fair, reasonable and appropriate, reflect the Trustee's exercise of prudent business judgment consistent with its fiduciary duties, and are designed to maximize the value to be obtained by the Estate for the Remnant Assets; and the Court having determined that the legal and factual bases set forth in the Motion and at any hearing thereon establish just and sufficient cause for the relief granted herein; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief sought in the Motion is **GRANTED**.

2. The Purchase Agreement and all of its terms and conditions are approved in their entirety.

3. The Bidding Procedures are approved in their entirety.

4. The Purchase Agreement and the Bidding Procedures are fair and reasonable.

5. Pursuant to section 363(b) of the Bankruptcy Code, the Trustee is authorized to sell the Remnant Assets to Oak Point for the Purchase Price as provided in the Motion.

6. Pursuant to section 363(f) of the Bankruptcy Code, the sale of the Remnant Assets to Oak Point ("Sale") shall be free and clear of any and all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, interests and encumbrances have on the Estate's right to the Remnant Assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto.

7. The Trustee and its professionals are authorized to take such actions as are necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Sale and Purchase Agreement.

8. Oak Point is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code.

9. The transfer of the Remnant Assets to Oak Point pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of the Remnant Assets, and such transfer shall vest Oak Point with all right, title, and interest in and to the Remnant Assets.

10. The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

11. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:

**FNH, LLC,**

        Debtor(s).

In Bankruptcy:

Case No. 15-43572-mlo
Chapter 7
Hon. Maria L. Oxholm

/

**NOTICE OF MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

Clayson, Schneider & Miller P.C., attorneys for K. Jin Lim, Chapter 7 Trustee ("Trustee") for the estate of the above captioned Debtor ("Debtor"), has filed papers with the Court entitled Motion of Chapter 7 Trustee for an Order Approving the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief (the "Motion").

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.**

**(If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, within twenty-one (21) days of the date of this Notice, you or your attorney must:

1. File with the Court a written response or an answer, explaining your position at:

United States Bankruptcy Court
211 W. Fort Street, 17th Floor
Detroit, Michigan 48226

**If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.**

You must also mail a copy to:

| Peter F. Schneider | Office of the U.S. Trustee |
| 645 Griswold, Suite 3900 | 211 W. Fort Street, Suite 700 |
| Detroit, MI 48226 | Detroit, MI 48226 |

You must also email and mail a copy to:
Oak Point Partners, Inc.
Attn: Janice A. Alwin
5215 Old Orchard Rd., Suite 965
Skokie, IL 60077
janice@oakpointpartners.com

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the relief.**

The Motion states:[2]

1. The Trustee is in the process of winding down the Debtor's bankruptcy case and has determined that there exist property of the Debtor's Estate, consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned or transferred (collectively, "Remnant Assets").

2. The Trustee has entered into a purchase agreement with Oak Point Partners, Inc. ("Oak Point") for the sale of the Remnant Assets to Oak Point for a purchase price of $4,000.00 pursuant to 11 U.S.C. §§ 105 and 363.

3. The Trustee believes that:

   a. Purchase Price is the highest and best offer for the sale of the Remnant Assets;

   b. the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefits of retaining the Remnant Assets; and

---

[2] Additional details regarding the sale of the Remnant Assets (as defined herein), including the proposed bidding procedures, can be found in the Motion filed contemporaneously herewith.

  c. the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

**WHEREFORE**, the Trustee prays for the authority to sell the Remnant Assets to Oak Point free and clear of liens, claims, interests and encumbrances and such further relief the Court deems proper.

           **CLAYSON, SCHNEIDER & MILLER P.C.**

Dated: January 31, 2018   */s/ Peter F. Schneider*
             Peter F. Schneider (P-75256)
             Attorneys for Trustee
             645 Griswold St., Suite 3900
             Detroit, MI 48226
             (313)237-0850 ext. 4
             pete@claysonschneidermiller.com

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In the Matter of:

**FNH, LLC,**

        Debtor(s).

/

In Bankruptcy:

Case No. 15-43572-mlo
Chapter 7
Hon. Maria L. Oxholm

## CERTIFICATE OF SERVICE

Re: Motion of Chapter 7 Trustee for an Order Approving the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief; Proposed Order; Notice; and Certificate of Service.

I hereby certify that on the 31st day of January, 2018, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to the Office of the United States Trustee and all those listed by the Court as receiving electronic notices in this case from the Court's CM/ECF system.

Respectfully submitted,

**CLAYSON, SCHNEIDER & MILLER P.C.**

Dated: January 31, 2018

*/s/ Peter F. Schneider*
Peter F. Schneider (P-75256)
Attorneys for Trustee
645 Griswold St., Suite 3900
Detroit, MI 48226
(313)237-0850 ext. 4
pete@claysonschneidermiller.com